EXHIBIT 2

Fredric L. Shenkman (New Jersey 011361979)
fshenkman@cooperlevenson.com
COOPER LEVENSON, P.A.
1125 Atlantic Avenue - 3rd Floor
Atlantic City, NJ 08401
Telephone: (609) 572-7330
Facsimile: (609) 572-7331
File No. 63437-1
Attorney for Plaintiff


A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

| | |
|---|---|
| JEFFREY I. BARON, ESQ. and BARON & BRENNAN, P.C.<br><br>Plaintiffs<br><br>v.<br><br>THE HANOVER INSURANCE GROUP and NAUTILUS INSURANCE COMPANY<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION –<br>CAMDEN COUNTY<br><br>DOCKET NO. CAM-L-728-22<br><br>Civil Action<br><br>**SUMMONS** |

The State of New Jersey, to the Defendant(s) named above:

### THE HANOVER INSURANCE GROUP

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this summons states that basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf ) If the Complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

-2-

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Service office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.

.

                                      *s/ Michelle M. Smith*
                                      MICHELLE M. SMITH, Clerk of
                                      the Superior Court

DATED: March 22, 2022

Name of Defendant to be served:   THE HANOVER INSURANCE GROUP
                                               John C. Roche, President and/or person authorized to
                                                      accept service
                                               440 Lincoln Street
                                               Worcester, MA  01653

CLAC 6861895.1 63437/00001

Fredric L. Shenkman, Esq.
N.J. I.D. 011361979
COOPER LEVENSON, P.A.
1125 Atlantic Avenue - 3rd Floor
Atlantic City, NJ 08401
Telephone: (609) 572-7330
Facsimile: (609) 572-7331
File No. 63437.1
Attorney for Plaintiffs

|  |  |
|---|---|
| JEFFREY I. BARON, ESQ. AND BARON & BRENNAN, P.C.,<br><br>Plaintiffs<br><br>v.<br><br>THE HANOVER INSURANCE GROUP AND NAUTILUS INSURANCE COMPANY<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>CAMDEN COUNTY<br><br>DOCKET NO. _____<br><br>Civil Action<br><br>**COMPLAINT** |

Jeffrey I. Baron, Esq. ("Baron") and Baron & Brennan, P.C. ("B&B") (Baron and B&B will be collectively referred to as the "Plaintiffs") with principal place of business at Staffordshire Professional Center, Building F-Suite 600, 1307 White Horse Road, Voorhees, New Jersey, by way of Complaint against the Defendants, say as follows:

PARTIES

1. Baron is a duly licensed lawyer of the State of New Jersey.

2. B&B is a duly formed and validly existing professional corporation of the State of New Jersey.

3. B&B is engaged in the practice of law.

4. Baron practices law under the aegis of B&B.

5. The Hanover Insurance Group ("Hanover") is a stock insurance company with offices at 440 Lincoln Street, Worcester, MA.

6. Hanover writes professional liability insurance for lawyers practicing in New Jersey.

7. Nautilus Insurance Company ("Nautilus") is an Arizona corporation with offices at 7233 East Butherus Drive, Scottsdale, AZ.

8. Nautilus writes professional liability insurance for lawyers practicing in New Jersey.

## JURISDICTION

9. Jurisdiction is proper because all parties conduct business in the State of New Jersey.

10. All actions which for the basis for this Complaint occurred in New Jersey.

## VENUE

11. Venue is properly laid in Camden County pursuant to R. 4:3-2(a) because the actions forming the basis for this Complaint occurred in Camden County; further, the Plaintiffs' principal place of business is in Camden County.

## COUNT I

12. Hanover issued professional liability insurance to B&B. ("Hanover Policy")

13. The Hanover Policy bears Policy Number LHY D692458 01; the pertinent term of the Hanover Policy is 9/22/19-9/22/20.

14. The Hanover Policy names B&B as the insured.

15. The Hanover Policy defines Baron as an "Insured Individual," meaning that his professional liability is also covered by the Hanover Policy. See page 14 of Form 913 1001 of the Hanover Policy.

- 2 -

16. On or about January 21, 2021, "EIL Investments, L.P. et al. v. Steven E. Angstreich, et al." was filed in the Superior Court of New Jersey, Camden County, Law Division, bearing Docket No. CAM-L-258-21, ("Suit")

17. The Suit names Baron and B&B as defendants.

18. The Suit alleges errors and omissions on the part of Plaintiffs as relates to representation of certain parties.

19. The Hanover Policy mandates that Plaintiffs be provided with a defense and indemnification as relates to the Suit.

20. On February 17, 2021, Plaintiffs forwarded a copy of the Suit to Hanover requesting it provide a defense and indemnification.

21. By letter dated February 17, 2021, Hanover wrongfully and in violation of the Hanover Policy denied coverage as relates to the Suit

22. Plaintiffs duly followed the internal appeal process established by Hanover as relates to its denial of coverage as to the Suit.

23. Hanover's internal appeal affirmed the denial of coverage.

24. Plaintiffs duly filed a request for review of a disputed claim as to Hanover's denial of coverage with the New Jersey Office of Banking and Insurance-Office of Claims Ombudsman in accordance with N.J.S.A. 17:29E-9 and N.J.A.C. 11:25, et seq.

25. The New Jersey Office of Banking and Insurance-Office of Claims Ombudsman did not modify Hanover's denial of coverage as to the Suit.

26. Hanover wrongfully declined to provide Plaintiffs with a defense and indemnification as relates to the Suit.

27. Plaintiffs have incurred expenses related to the defense of the Suit.

28. As such, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment against Hanover as follows:

   A. A declaration that the Hanover Policy requires Hanover to provide Plaintiffs with a defense and indemnification as to the Suit.

   B. Mandating that Hanover provide a defense and indemnification as relates to the Suit.

   C. That Hanover reimburse Plaintiffs for any expenses incurred in defending the Suit.

   D. Damages.

   E. Interest.

   F. Costs of suit.

   G. Attorney's fees to the extent allowed.

   H. All other relief that this Court deems just and equitable.

## COUNT II

29. Plaintiffs repeat each allegation of ¶¶ 1-28 of the Complaint and incorporate same as if set forth at length.

30. Plaintiffs are in contractual privity with Hanover.

31. Hanover violated the Hanover Policy by failing to perform obligations pursuant to same.

32. The aforesaid breach is material in nature.

WHEREFORE, Plaintiffs demand judgment against Hanover as follows:

   A. Damages.

   B. Interest.

    C. Costs of suit.

    D. Attorney's fees to the extent allowed.

    E. All other relief that this Court deems just and equitable.

## COUNT III

33. Plaintiffs repeat each allegation of ¶¶ 1-32 of the Complaint and incorporate same as if set forth at length.

34. Covenants of good faith and fair dealing arise when parties enter into contacts such as the Hanover Policy.

35. At all times relevant hereto, Plaintiffs acted in good faith and yet, Hanover failed to act in good faith as evidenced by its conduct as aforesaid.

36. Hanover's actions indicate a lack of good faith and violate the covenant of good faith and fair dealing that arose relative to the issuance of the Hanover Policy and payment for same.

WHEREFORE, Plaintiffs demand judgment against Hanover as follows:

    A. Damages.

    B. Interest.

    C. Costs of Suit.

    D. Attorney's fees to the extent allowed.

    E. All other relief that this Court deems just and equitable.

## COUNT IV

37. Plaintiffs repeat each allegation of ¶¶ 1-36 of the Complaint and incorporate the same as if set forth at length.

38. Nautilus issued professional liability insurance to B&B. ("Nautilus Policy").

- 5 -

CLAC 6307634.7 63437/00001

39. The Nautilus Policy bears Policy Number PLP-1869940-Pl; the pertinent term of the Nautilus Policy is 9/22/20-9/22/21.

40. The Nautilus Policy defines Baron as an "insured," meaning that his professional liability is also covered by the Nautilus Policy. See page 3 of form LPL 9700 of the Nautilus Policy.

41. The Nautilus Policy mandates that Plaintiffs be provided with a defense and indemnification as relates to the Suit.

42. On February 12, 2021, Plaintiffs forwarded a copy of the Suit to Nautilus requesting it provide a defense and indemnification.

43. On February 12, 2021, Plaintiffs advised Nautilus that they had not received a copy of the Nautilus Policy as promised by Nautilus' agent, USI Affinity.

44. The original declaration page issued by Nautilus does not contain any listing of matters under "Excluded Claims and/or Incidents."

45. Notwithstanding the foregoing, Nautilus forwarded a different declaration page, on February 17, 2021, indicating, on the page entitled "Specific Claim or Incident Exclusion," that matters related to "EIL Investments/Linda Samost" were excluded from coverage.

46. On March 4, 2021, Nautilus wrongfully and in violation of the Nautilus policy denied coverage as to the Suit based, in part, upon the declaration page described in the preceding paragraph.

47. Plaintiffs duly followed the internal appeal process established by Nautilus as relates to its denial of coverage as to the Suit.

48. Nautilus' internal appeal affirmed the denial of coverage.

49. Plaintiffs filed a request for a review of a disputed claim as to Nautilus' denial of coverage as to the Suit with the New Jersey Office of Banking and Insurance-Office of Claims Ombudsman, in accordance with N.J.S.A. 18:29-9 and N.J.A.C. 11:25, et seq.

50. The New Jersey Office of Banking and Insurance-Office of Claims Ombudsman did not modify Nautilus' denial of coverage as to the Suit.

51. Nautilus has wrongfully declined to provide Plaintiffs with a defense and indemnification as relates to the Suit.

52. Plaintiffs have incurred expenses related to the defense of the Suit.

53. As such, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment against Nautilus as follows:

    A. A declaration that the Nautilus Policy requires Nautilus to provide Plaintiffs with a defense and indemnification as to the Suit.

    B. Mandating that Nautilus provide a defense and indemnification as relates to the Suit.

    C. That Nautilus reimburse Plaintiffs for any expenses incurred in defendant the Suit.

    D. Damages.

    E. Interest.

    F. Costs of suit.

    G. Attorney's fees to the extent allowed.

    H. All other relief that this Court deems just and equitable.

## COUNT V

54. Plaintiffs repeat each allegation of ¶¶ 1-53 of the Complaint and incorporate same as if set forth at length.

55. Plaintiffs are in contractual privity with Nautilus.

56. Nautilus violated the Nautilus Policy by failing to perform obligations pursuant to same.

57. The aforesaid breach is material in nature.

WHEREFORE, Plaintiffs demand judgment against Nautilus as follows:

A. Damages.

B. Interest.

C. Costs of suit.

D. Attorney's fees to the extent allowed.

E. All other relief that this Court deems just and equitable.

## COUNT VI

58. Plaintiffs repeat each allegation of ¶¶ 1-57 of the Complaint and incorporate same as if set forth at length.

59. Covenants of good faith and fair dealing arise when parties enter into contracts such as the Nautilus Policy.

60. At all times relevant hereto, Plaintiffs acted in good faith and yet, Nautilus failed to act in good faith as evidenced by its conduct as aforesaid.

61. Nautilus' actions indicate a lack of good faith and violate the covenants of good faith and fair dealing that arose relate to the issuance of the Nautilus Policy and payment for same.

CLAC 6307634.7 63437/00001

WHEREFORE, Plaintiffs demand judgment against Nautilus as follows:

A. Damages.

B. Punitive damages.

C. Interest.

D. Costs of suit.

E. Attorney's fees to the extent allowed.

F. All other relief that this Court deems just and equitable.

## COUNT VII

62. Plaintiffs repeat each allegation of ¶¶ 1-61 of the Complaint and incorporate same as if set forth at length.

63. When Nautilus originally issued the Nautilus Policy, it did not exclude any claim or incident from coverage.

64. Plaintiffs relied upon Nautilus not excluding any claim or incident from coverage pursuant to the Nautilus policy.

65. If Plaintiffs knew that Nautilus was going to exclude claims or incidents from coverage they would have obtained other coverage.

66. Nautilus, after it received notice of the Suit, issued an amended declaration effectively excluding the Suit from coverage.

67. Nautilus' conduct in amending the Nautilus Policy to exclude coverage for the Suit, after receiving notice of the Suit, was in violation of the covenants of good faith and fair dealing implicit in the Nautilus Policy.

68. As such, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment against Nautilus as follows:

A. Rescinding the amended declaration of the Nautilus Policy excluding coverage for the Suit.

B. Reforming the Nautilus Policy to provide for defense and indemnification as relates to the Suit.

C. Declaring that the Nautilus Policy provide coverage for the Plaintiffs as relates to the Suit.

D. Mandating that Nautilus provide Plaintiffs with a defense and indemnification as relates to the Suit.

E. That Nautilus reimburse Plaintiffs for any expenses incurred in defending the Suit.

F. Damages.

G. Punitive Damages.

H. Interest.

I. Costs of suit.

J. Attorney's fees.

K. All other relief that this Court deems just and equitable.

## COUNT VIII

69. Plaintiffs repeat each allegation of ¶¶ 1-68 of the Complaint and incorporate same as if set forth at length.

70. At all times and in all instances, Plaintiffs fully and accurately disclosed any and all information required or requested by Nautilus as relates to the issuance of the Nautilus Policy.

71. When Nautilus originally issued the Nautilus Policy, it did not exclude any claim or incident from coverage.

72. Plaintiff relied upon Nautilus not excluding any claim or incident from coverage pursuant to the Nautilus Policy.

73. If Plaintiffs knew that Nautilus was, after the fact, going to amend the Nautilus Policy so as to exclude coverage for the Suit, it would have sought and obtained other coverage.

74. Nautilus intentionally, wantonly and maliciously issued the Nautilus Policy with no exclusions and then, when presented with the Suit, attempted, nunc pro tunc, to amend the exclusions as a basis for denying a defense and indemnification as to the Suit.

75. As a result of same, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs demand judgment against Nautilus as follow:

A. Rescinding the amended declaration of the Nautilus Policy excluding coverage of the Plaintiffs as relates to the Suit.

B. Reforming the Nautilus Policy, and the amended declaration, so as to provide for a defense and indemnification of the Plaintiffs as relates to the Suit.

C. Declaring the amended declaration of the Nautilus Policy excluding coverage of the Plaintiffs as relates to the Suit is null and void.

D. Declaring that Nautilus provide the Plaintiffs with a defense and indemnification as to the Suit.

E. Damages.

F. Punitive damages.

CLAC 6307634.7 63437/00001

G. Interest.

H. Costs of suit.

I. Attorney's fees.

J. All other relief that this Court deems just and equitable.

## COUNT IX

76. Plaintiffs repeat each allegation of ¶¶ 1-75 of the Complaint and incorporate same as if set forth at length.

77. Plaintiffs are "persons" as defined by N.J.S.A. 56:8-1(d).

78. Nautilus is a "person" as defined by N.J.S.A. 56:8-1(d).

79. As such, Plaintiffs are entitled to the protection afforded by N.J.S.A. 56:8-1 et seq.

80. Nautilus' conduct, as detailed herein, is violative of N.J.S.A. 56:8-2

81. In light of the foregoing, Nautilus has violated N.J.S.A. 56:8-1, et seq.

82. Notice as required by N.J.S.A. 56:8-20, et seq. will be sent upon the filing of this Complaint.

83. Plaintiffs bring this action in accordance with N.J.S.A. 56:8-19.

WHEREFORE, Plaintiffs demand judgment against Nautilus as follows:

A. Damages.

B. The remedies available pursuant to any applicable state or federal statutes.

C. Treble damages.

D. Interest.

E. Costs of suit.

F.  All other relief that this Court deems just and equitable.

COOPER LEVENSON, P.A.

Dated: March 21, 2022

By: _____
Fredric L. Shenkman, Esq.
Attorneys for Plaintiffs

NOTICE OF DESIGNATION OF TRIAL COUNSEL

PLEASE BE NOTIFIED that, pursuant to *R.* 4:25-4, Fredric L. Shenkman, Esquire, of the firm of Cooper Levenson, P.A., is hereby designated as trial counsel for Plaintiffs.

COOPER LEVENSON, P.A.

DATED: March 21, 2022

By: _____
Fredric L. Shenkman, Esquire
Attorneys for Plaintiffs

CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned, Fredric L. Shenkman, Esquire, certifies on behalf of the above named Plaintiffs as follows:

1. I am an attorney admitted to practice law in the State of New Jersey, with the firm of Cooper Levenson, P.A., counsel for the Plaintiffs.

- 13 -

CLAC 6307634.7 63437/00001

2.   The matter in controversy in this matter is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated except for the following: "EIL Investments, et al. v. Steven Angstreich, et al." Superior Court of New Jersey, Law Division, Camden County, Docket No. CAM-L-258-21.

3.   There are no other parties that should be included in this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*[Signature]*

Fredric L. Shenkman, Esquire

Dated: March 21, 2022

## RULE 1.38-7(b) CERTIFICATION

Pursuant to *R*.1.38-7(c)(2) I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with *R*. 1:38-7(b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

COOPER LEVENSON, P.A.

By: *[Signature]*

Fredric L. Shenkman, Esquire

DATED: March 21, 2022

- 14 -

CLAC 6307634.7 63437/00001

# Civil Case Information Statement

**Case Details: CAMDEN | Civil Part Docket# L-000728-22**

**Case Caption:** BARON JEFFREY VS THE HANOVER INSURANC E GROUP
**Case Initiation Date:** 03/21/2022
**Attorney Name:** FREDRIC L SHENKMAN
**Firm Name:** COOPER LEVENSON PA
**Address:** 1125 ATLANTIC AVE 3RD FL ATLANTIC CITY NJ 08401
**Phone:** 6093443161
**Name of Party:** PLAINTIFF : Baron, Jeffrey, I
**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** INSURANCE FRAUD
**Document Type:** Complaint
**Jury Demand:** NONE
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Jeffrey I Baron?** NO

**Are sexual abuse claims alleged by: BARON & BRENNAN, P.C.?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO   **Title 59?** NO   **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/21/2022                                                                                          /s/ FREDRIC L SHENKMAN
Dated                                                                                                                        Signed